FILED
2007 Jan-08 AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:05-CR-542-RDP-TMP |
| } | |
| **CLARENCE R. BARBER** } | |
| **GRADY R. ROLAND PUGH** } | |
| **JOSEPH E. (EDDIE) YESSICK** } | |
| **ROLAND PUGH CONSTRUCTION, INC.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

The court has before it Defendant Grady R. Roland Pugh's ("Pugh") Motion to Dismiss Count Seventy-Eight of the Second Superceding Indictment (Doc. #77); Defendant Roland Pugh Construction, Inc.'s ("Pugh Construction") Motion to Adopt Pugh's Motion to Dismiss (Doc. #79); and Defendant Clarence Barber's ("Barber")[1] Motion to Adopt Pugh's Motion to Dismiss (Doc. #83). Pugh Construction's request to adopt Pugh's motion is **GRANTED**. (Docs. #79, 83). However, for the reasons outlined below, the court finds that Defendants' motion to dismiss is due to be denied.

Defendants have moved to dismiss Count Seventy-Eight of the Second Superceding Indictment, which alleges that Pugh, Defendant Joseph E. (Eddie) Yessick and Pugh Construction Inc. (as payors) and Clarence Barber (as payee) violated 18 U.S.C. § 371 by engaging in a conspiracy

---

[1] Barber entered a plea of guilty to Count 78 on January 4, 2007, and the United States has agreed to dismiss Counts 79 through 83 as related to him. Therefore, his request for dismissal is now **MOOT**.

to commit bribery. (Doc. #1, at 57-64). Defendants assert the charge of conspiracy to commit bribery cannot exist as a distinct offense, separate from the substantive bribery offenses alleged against those same Defendants in counts Seventy-Nine through Eighty-Six of the Second Superceding Indictment because conspiracy to commit bribery and the substantive offense of bribery itself are both "crimes of concert" (*i.e.*, requiring concerted action by at least two people) that merge into the substantive bribery offense. (Doc. #1, at 64-66, alleging violations of 18 U.S.C. §§ 666(a)(1)(B) and (a)(2)). Thus, Defendants urge dismissal of the conspiracy counts against them on the ground that they merely replicate the underlying substantive bribery charges.

In support of their argument, Defendants rely on a broad interpretation of what is known as "Wharton's Rule." Although generally "a conspiracy and the substantive offense that is its immediate end are discrete crimes for which separate sanctions may be imposed," *Iannelli v. United States*, 420 U.S. 770, 771 (1975), Wharton's Rule proscribes the prosecution of a separate conspiracy charge if "the agreement is by two persons to commit a crime which necessarily requires the participation of two persons for its commission." *Iannelli,* 420 U.S. at 773 n.5 (quoting 1 R. Anderson, Wharton's Criminal Law and Procedure § 89, p. 191 (1957)). "The classic Wharton's Rule offenses – adultery, incest, bigamy, duelling – are crimes that are characterized by the general congruence of the agreement and the completed substantive offense. The parties to the agreement are the only persons who participate in commission of the substantive offense, and the immediate consequences of the crime rest on the parties themselves rather than on society at large." *Iannelli,* 420 U.S. at 782-784.[2]

---

[2] Although the Supreme Court has made clear that Wharton's Rule "is essentially an aid to the determination of legislative intent" and as such would in any event give way to a "discernible legislative judgment," *Iannelli,* 420 U.S. at 786, there is no discernible legislative intent with respect

The Supreme Court has taken a narrow view of Wharton's Rule, remarking even as early as 1915 that the Court had "adopted a narrow construction of the Rule that focuses on the statutory requirements of the substantive offense rather than the evidence offered to prove those elements at trial ...." *Iannelli,* 420 U.S. at 780.[3] By contrast, *United States v. Sager*, 49 F.2d 725 (2d Cir. 1931), the Second Circuit case upon which Defendants principally rely, broadly interprets Wharton's Rule in the context of conspiracy to commit bribery. With respect to crimes of bribery charged under Section 666, the Second Circuit held: "There may not be a conspiracy founded on a crime to commit bribery between persons, one charged with the intended taking and several charged with giving the same bribe. Concert is always necessary to an agreement to take and to give a bribe; it is always necessary to an intended taking and an intended giving; and it is necessary to the receipt of a bribe and the giving of a bribe." *Sager*, 49 F.2d at 727-28 (relying on *United States v. Dietrich*, 126 F. 664, 666 (C.C. Dist. Neb. 1904)). Both the Sixth and Seventh Circuits have reached the opposite

---

to Section 666 that would guide the court's ruling in this case. In fact, Defendants note that the legislative history for Section 666 "is not extensive" (Doc. #77, at 9), and they point only to the *absence* of any intent that bribery and conspiracy should remain separate, discrete crimes. Although Defendants are correct that "no where [sic] in the legislative histories for 18 U.S.C. § 666 does Congress manifest an intent to supersede or contradict the presumption of Wharton's Rule" (Doc. #77, at 9), Defendants incorrectly assume that the application of Wharton's Rule is a presumption. To the contrary, "the traditional rule of law is that conspiracy and a completed substantive offense are separate crimes, *Iannelli*, 420 U.S. at 777, 95 S.Ct. at 1289 . . . [and in this case, there is no evidence of] any legislative intent on the part of Congress to prevent the government from seeking the imposition of separate sentences for the conspiracy and bribery offenses involved here." *U.S. v. Finazzo*, 704 F.2d 300, 306 (6th Cir. 1983).

[3] Relying on *Iannelli,* the Sixth Circuit has outlined several inquires to guide the analysis of whether Wharton's Rule applies in a particular case: (1) Are the parties to the agreement the only persons who participate in the substantive offense? (2) Does the crime have consequences only on those parties or also on society at large? (3) Does the agreement connected with the substantive offense pose the same threat to society "that the law of conspiracy seeks to avert?" and (4) Does the underlying offense require concerted criminal activity - a plurality of criminal agents? *U.S. v. Finazzo*, 704 F.2d 300, 305-06 (6th Cir. 1983)(citing *Iannelli,* 420 U.S. at 782-83, 786).

conclusion, finding that a defendant can be convicted of both conspiracy and bribery arising out of the same set of circumstances. *See United States v. Finazzo*, 704 F.2d 300 (6th Cir. 1983)("Under the bribery statutes here, concerted activity is not required to convict; a donor may be convicted of a bribe even though the donee is not"); *Ex parte O'Leary*, 56 F.2d 515 (7th Cir. 1931)(rejecting the rationale in *United States v. Dietrich*, 126 F. 644 (C.C. D. Neb., 1904), and implicitly the rationale in *Sager*, by finding that where underlying substantive offense of bribery can be committed by only one person and does not require an agreement or concurrence of another person, conspiracy still exists as a separate offense). Although it is true that neither the Eleventh Circuit[4] nor the United States Supreme Court has directly addressed the applicability of Wharton's Rule in the same context of the offense charged in this case (*Iannelli* was a gambling case), for the reasons outlined below, this court is not persuaded that either court would read the Wharton Rule to prevent conspiracy to bribe under Section 371 from existing as an offense distinct from the Section 666 bribery itself.

The Eleventh Circuit has noted that "[t]he Supreme Court suggested that a court look at the elements of both the substantive offense and the conspiracy charge and if one requires proof of a fact that the other does not, then there is no violation of the Wharton Rule." *U.S. v. Brenson*, 104 F.3d 1267, 1283 (11th Cir. 1997) (citing *Iannelli,* 420 U.S. at 786, n. 17). Here, a comparison of the elements of bribery and conspiracy reveal significant differences that prevent the application of Wharton's Rule. First, conspiracy to commit bribery, unlike bribery, requires that the commission

---

[4] In dicta, the Eleventh Circuit suggested that Wharton's Rule might prohibit prosecution for bribery conspiracy if the only co-conspirator involved was the person who paid the bribe. *See United States v. Fernandez*, 892 F.2d 976, 989 n. 15 (11th Cir. 1990) (citing *United States v. Pacheco*, 489 F.2d 554, 558-59 (5th Cir. 1974)). Later, the Eleventh Circuit rejected, without comment, a similar argument raising the applicability of the Wharton Rule to bribery and conspiracy charges under 18 U.S.C. §§ 201, 371. *See United States v. Evans*, 344 F.3d 1131, 1132 & n.2 (11th Cir. 2003).

of an overt act.  Under the bribery statute, the substantive crime is complete upon the making of a corrupt offering, demand, or solicitation of something of value, regardless of whether anything of value is ever exchanged and regardless of whether the victim ever "agrees" to anything.[5]  On the other hand, the conspiracy statute additionally requires the making of an overt act following an agreement to commit a crime. *Compare* 18 U.S.C. § 666(a) with 18 U.S.C. § 371.

Moreover, in order to commit conspiracy, both parties to the agreement must have criminal intent (hence the principle that a conspiracy may not exist solely between a defendant and a government agent).  *See United States v. Wright,* 63 F.3d 1067, 1072 (11th Cir. 1995). By contrast, although a person can commit the crime of bribery by either agreeing with a bribe payor *or* agreeing with a bribe payee to give something of value with the intent to influence one's official performance, that "agreement" does not require that *both* parties have criminal intent.[6]  As Judge Propst has said in an opinion written in a companion case, "the offense of receiving [a bribe] with the intent to be influenced or rewarded is a separate offense from giving [a bribe] to influence or reward.  While the two participants might well be charged in the same substantive count [with an offense such as adultery], it would likely be inappropriate to charge a briber and bribee under § 666 in the same substantive count.  In each instance, the crux is the intent of (1) the receiver and/or (2) the giver.  One could be guilty and the other not.  The required intents are different." *See United States v.*

---

[5] The fact that it is alleged in this case that an agreement did exist between the payors and the payee does not change the result because the relevant inquiry is what the elements of the offense require.

[6] In fact, the bribe payor may be an undercover government agent, an informant, or even a perfectly innocent victim from whom a bribe was demanded or solicited.  *See, e.g., United States v. Burke*, 257 F.3d 1321 (11th Cir. 2001) (conviction for accepting a bribe from a government agent under § 666(a)(1)(B)).

*McNair*, 2:05-CR-61-RBP-TMP, Doc #679 at 8. Thus, because "corrupt intent" is an essential element with respect to the person charged with the crime of bribery, the potential criminality of each defendant exists independently of all others, meaning that the crime is committed (or not) by each individual person, not by the concurrence of two or more people.[7] There is simply no basis for Defendants' assertion that the offense of bribery *requires* concerted action or the agreement of two people for its commission. Finally, because Wharton's Rule is applicable only when the substantive offense requires the participation of the same persons charged with the conspiracy, *see United States v. Brenson*, 104 F.3d 1267, 1283 (11th Cir. 1997); *United States v. Helmich*, 704 F.2d 547, 550 (11th Cir. 1983) (finding Wharton's Rule inapplicable where indictment charged defendant of conspiracy with "persons known and unknown to the Grand Jury", thus including individuals other than those involved in the substantive crime), it logically follows that Wharton's Rule does not apply to bribery conspiracy because it is very possible that one or more of the persons who participated in the events underlying the bribery charge is in fact, an undercover government agent or an innocent party who was not (and could not be) part of the conspiracy.

Thus, consistent with at least two other judges of this court who have previously rejected the same arguments asserted by Defendants in this case, *see United States v. McNair*, 2:05-CR-61-RBP-TMP, Doc. #679, at 7-9; *United States v. Singh*, 2:05-CR-543-CLS-TMP, Docs. #85, 102, the

---

[7] In other words, the offense of receiving with the intent to be influenced or rewarded is a separate offense from giving to influence or reward. In each instance, as Judge Propst has noted, "the crux is the intent of (1) the receiver and/or (2) the giver." *Id.* One could be guilty and the other not.

undersigned finds that dismissal of Count Seventy-Eight is not warranted on the grounds asserted by Defendants in their motion.[8]

     **DONE** and **ORDERED** this \_\_\_\_8th\_\_\_\_ day of January, 2007.

                                        /s/ R. David Proctor
                                        **R. DAVID PROCTOR**
                                        UNITED STATES DISTRICT JUDGE

---

[8] Alternatively, the court notes that even if the court were to accept Defendants' arguments and apply Wharton's Rule in this case, the motion to dismiss is due to be denied because dismissal of the conspiracy charges would not be appropriate. *See Iannelli*, 420 U.S. 786 n.18 ("We do not consider initial dismissal of the conspiracy charge to be required in such a case. When both charges are considered at a single trial, the real problem is the avoidance of dual punishment."). Rather, the proper procedure would be to submit both charged crimes to the jury. Only a jury can determine whether a crime has been committed, and until a verdict is rendered, there are no assurances that a conviction on the substantive offenses will occur. As the Supreme Court noted, "[Wharton's] Rule supports a presumption that the two *merge when the substantive offense is proved. See Iannelli,* 420 U.S. at 786. Thus, even if it were necessary for the court to address issues of impermissible double punishment, that should be done only after a verdict is rendered.